# T. C. Jones and Wife, in Right of the Wife, Plffs. in Err., *v.* Pittsburgh & Lake Erie Railroad Company.

Where a corporation has taken, by right of eminent domain, a landing rented by a party who had an exclusive legislative grant to navigate the river at this point by means of a steam ferry boat; the measure of damages is not the loss the plaintiff sustained to the franchise, but the loss by

Note.—The right to damages for the ferry franchise, referred to in this case, was previously passed upon by the supreme court in Pittsburgh & L. E. R. Co. v. Jones, 111 Pa. 204, 56 Am. Rep. 260, 2 Atl. 410. Where a leasehold is taken by eminent domain, the measure of damages is the value of the leasehold until the expiration of the term, free from the obstructions put upon it, less the value as affected by these obstructions. Philadelphia & R. R. Co. v. Getz, 113 Pa. 214, 6 Atl. 356; Pittsburgh & L. E.

reason of the taking of the leased landing as it was used and operated for the term of the lease only, together with other things that gave it money value.

Interest should be allowed upon such damages as follows: the loss for each year should be found and the interest should be added from that time until the expiration of the lease.

(Argued November 1, 1887. Decided November 11, 1887.)

October Term, 1887, No. 154, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ. Error to the Common Pleas No. 1 of Allegheny County taken by plaintiff to review a verdict in her favor, but for a less amount than claimed,. in an action on the case. Affirmed.

The facts of the case are as follows:

Mrs. Jones seeks to recover from the Pittsburgh & Lake Erie Railroad Company for damage done by said company to her property in the 36th ward of the city of Pittsburgh. Said property consisting of a steam ferry boat specially constructed for its purposes; floats, tackle and necessary appliances for operating the same; a landing secured by lease for five years, and a right to navigate the river at this point with her boat, without competition, secured to her by legislative enactment, plaintiff being in the full enjoyment of this property, and engaged in operating a public steam ferry from said landing; in July, 1878, defendant, without any authority of law, as it is claimed, constructed its roadway along the south bank of the Ohio river in said city, over and along plaintiff's said landing, on piles or an artificial embankment, at a height of 18 feet, with no outlet anywhere along this entire 600 yards of river front mentioned in the legislative grant, except an opening of 29 feet at Main street, and in such a manner that whenever the waters of the Ohio river rose to anything over a 13-foot stage, it was impossible for the ferry to effect a landing anywhere.

At the trial, the plaintiff proposed to show what the value of this ferry was, for the purpose of its use, in 1878, before this railroad was constructed; supposing the plaintiff to have had a

R. Co. v. Jones, 111 Pa. 204, 56 Am. Rep. 260, 2 Atl. 410; Boteler v. Philadelphia & R. Terminal R. Co. 164 Pa. 397, 30 Atl. 303; Ehret v. Schuylkill River E. S. R. Co. 151 Pa. 158, 24 Atl. 1068. See also Duffield v. Rosenzweig, 144 Pa. 520, 23 Atl. 4. As to measure of damages for taking or injury to ferry or ferry landing, see Farnham, Waters, p. 1261.

leasehold of a landing there, having some four or five years to run, with some prospect of renewal, and what the value of this property was, for the purpose for which it was used, after the railroad was constructed, as affected by it. This testimony the court refused to admit.

Plaintiff also proposed to show that the boat was constructed and specially adapted for that particular business, at that particular point, to be used in connection with this landing; that, by reason of the obstruction by the railroad company of this landing, she was materially deprived of the use of this boat, for the purpose for which it was constructed, at that landing; and hence it was, largely, a loss to plaintiff; to be followed by evidence showing that the boat and appliances were there before and after it was affected by the injury.

This offer was also rejected by the court, and the testimony excluded.

On the measure of damage, plaintiff, by a point, requested the court to instruct the jury that the true rule for valuing the damage to plaintiff's property is the difference between the market value of the property (that is to say, her interest therein), unaffected by the injury, and its market value as affected by the injury.

This point the court refused, at the same time remarking: "It is not a proper rule in this case; the lease having expired in 1882, and the damage done being readily ascertainable, at least approximately, the true rule is, How much was the actual loss or damage to the plaintiff by this obstruction?"

The plaintiff, by another point, asked the court to instruct the jury that in estimating the damage sustained by plaintiff, the jury can include what interest should, in their estimation, be added from the time the damages should have been paid.

This point the court affirmed, but further added: "Whatever amount you think the plaintiff is entitled to, you have a right to add interest to. The injury was continuous and continued, according to the plaintiff's claim, some four years. The proper way, it seems to me, to arrive at the interest, would be to take the amount of damage and divide the time by two, give interest from the expiration of two years. In other words, you should not allow interest from beyond 1880 to the present time, or you might average it each year by itself. Take 1878, say how much

damage was done, 1879, 1880 and 1881 and add the interest for each year."

Verdict for the plaintiff for $499.20 and judgment thereon.

Plaintiff took this writ assigning for error the refusal to admit the testimony and the answers to the points above noted.

*Winfield S. Wilson* and *George D. Riddle,* for plaintiffs in error.—When this case was considered by this court before (Pittsburgh & L. E. R. Co. v. Jones, 111 Pa. 215, 56 Am. Rep. 260, 2 Atl. 410), the court clearly stated that the question in the case was: "In case that lease was in force when the defendant took the land, what was the value of the leasehold, for its purpose, until the end of the term? . . . The difference is the amount of the plaintiff's damages. The counsel for plaintiff are right in their position that she is entitled to recover, in this action, all the damages resulting from the acts of the defendants."

We were entitled to show for what purpose this lease was used and the value of the entire property connected therewith, having respect to the term of the lease, immediately before the railroad was constructed along or over our landing, and immediately after it was constructed as affected by it, so as to give the jury some intelligent data upon which to base their verdict. Getz v. Philadelphia & R. R. Co. 105 Pa. 547.

When this case was here before (Pittsburgh & L. E. R. Co. v. Jones, 111 Pa. 204, 56 Am. Rep. 260, 2 Atl. 410), this court said: "She owned and used the ferry when the railroad was built; and it is manifest that the occupancy by the defendant is permanent. In such a case as this, the damage should be determined on similar principles as govern in proceedings under the general railroad laws where land is taken, injured or destroyed by the company, and the parties are unable to agree as to the amount of damages."

This point is the exact language of this court in Philadelphia & R. R. Co. v. Getz, 113 Pa. 218, 6 Atl. 356.

The jury are to value the injury to the property, without reference to the person of the owner, or the actual state of his business, and in doing that, the only safe rule is to inquire what would the property, unaffected by the obstruction, have sold for at the time the injury was committed? What would it have sold for as affected by the injury? The difference is the true

measure of compensation.    Pittsburgh, B. & B. R. Co. v. Mc-
Closkey, 16 W. N. C. 563.

*Knox & Reed,* for defendant in error.—The court instructed
the jury that they should allow her full damages for any and all
injuries sustained, even loss of profits in operating her boat,
which was certainly as favorable a direction as plaintiff could
ask, and as to which defendant might have complained.

In the case of Pittsburgh Junction R. Co. v. McCutcheon,
4 Sad. Rep. 245, the plaintiff had built houses upon leased
ground and had sustained damage by reason of the construc-
tion of the railroad upon the street.    The court below said (and
the judgment was affirmed, this being one of the assignments of
error) : "It seems to me there is no other way of getting at the
damage to the plaintiff, than to give him an amount sufficient to
make up his loss of rent.    Then, so far as I can see, his actual
loss would be just the amount of rent, the difference between
what he will get, so far as you can foresee, and what he would
have gotten so far as the evidence shows, if the road had not been
built."    This is analogous to the ruling in the present case.

PER CURIAM:
This case was so fairly disposed of in the court below that we
cannot see our way clear to sustain any of the assignments of
error.

The judgment is affirmed.